# United States District Court
for the
## Southern District of New York
### Related Case Statement

___

**Full Caption of Later Filed Case:**

The Wave Studio, LLC

| Plaintiff | Case Number |
| --- | --- |
| vs. | 14 Civ. 8322 (VM) (JCF) |
| MasterCard International, Inc. and Virtuoso, Ltd. | |
| Defendant | |

**Full Caption of Earlier Filed Case:**

(including in bankruptcy appeals the relevant adversary proceeding)

The Wave Studio, LLC

| Plaintiff | Case Number |
| --- | --- |
| vs. | 13 Civ. 9239 (CS) (PED) |
| General Hotel Management, Inc., et al. | |
| Defendant | |

IH-32                                                                                                   Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open      (If so, set forth procedural status and summarize any court rulings.)

The earlier filed case is stayed as to all defendants (58 in all) other than the lead defendant, General Hotel Management, Inc. ("GHM"), pursuant to Judge Cathy Seibel's order of July 2, 2014. The plaintiff and GHM are in discovery, which currently is set to close on December 31, 2014. The case was referred to Mag. Judge Paul Davison for settlement, and an initial settlement conference was held on August 13, 2014. The case is set for a status hearing on January 8, 2015 at 10:00 a.m.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Please see attached.

Signature: /s/ Charles J. Nerko                          Date: 10/23/14

Firm: Vedder Price P.C.
1633 Broadway, 47th Floor
New York, New York 10019

**ADDENDUM TO RELATED CASE STATEMENT**

Pursuant to Rule 13 for the Division of Business Among District Judges in the Southern District, defendants MasterCard International, Inc. ("MasterCard") and Virtuoso, Ltd. ("Virtuoso") (collectively, "Defendants") file this Related Case Statement to ask the Court to transfer this case (the "Virtuoso Case") to the docket of Judge Cathy Seibel, where a related case is already pending. The Virtuoso Case was originally filed in the Northern District of California, but Judge Richard Seeborg transferred the case to the Southern District of New York because it is related to *The Wave Studio, LLC v. General Hotel Management, Inc.*, Case No. 13 Civ. 9239 (CS) (PED) (the "GHM Case"), pending before Judge Seibel. *See* Transfer Order attached as **Exhibit A**. Judge Seeborg held that the cases are "strikingly similar" and "[t]he pleadings make clear that a connection exists between [plaintiff The Wave Studio, LLC's] copyright infringement claims against the 59 defendants sued in New York and its suit against defendants." Exh. A, at p. 6, line 7; p. 1, lines 27-28. Accordingly, the cases are related and should be pending before the same judge. Counsel for Defendants conferred with The Wave Studio, LLC's ("Wave") counsel regarding this issue, but Wave was not willing to agree that the two cases are related.

**I.     Background**

In the Virtuoso Case, Wave has asserted claims of copyright infringement against Defendants related to the use of certain photos of hotel and resort properties. (First Amended Complaint ("FAC") ¶ 1) (ECF No. 10). Specifically, Wave alleges that Defendants have used photos of The Setai Miami, The Chedi Muscat, The Nam Hai, and The Datai Langkawi (the "Hotel Photographs") without permission. (FAC ¶ 13). Wave claims that MasterCard has infringed copyright registrations VA 1-432-326, VA 1-432-328, and VA 1-432-331 and that Virtuoso has infringed copyright registrations VA 1-432-325, VA 1-432-328, VA 1-432-331, and VA 1-432-332. (FAC ¶¶ 27-28). To establish exactly which photographs are allegedly at issue, Wave attaches alleged screen captures from the MasterCard and Virtuoso Web sites. (FAC, at Exhs. 2-3).

This case is inextricably intertwined with the GHM Case. In that action, Wave has asserted copyright infringement claims against General Hotel Management, Inc. ("GHM") and 58 other defendants. (See generally GHM Complaint ("GHM Compl.") (ECF No. 1)). Wave's allegations in that case include claims related to the Hotel Photographs at issue in the Virtuoso Case. (GHM Compl. ¶ 93). Each of the copyright registrations put at issue in this case is the subject of an infringement claim in the GHM Case (GHM Compl. ¶¶ 117-198), and at least 11 of the images attached to the First Amended Complaint in the Virtuoso Case are also attached to the Complaint in the GHM Case. (See generally GHM Compl. Exh. 1-84). The allegations in the GHM Complaint are nearly identical to those in the FAC. (*Compare* GHM Compl. ¶¶ 1-5, 8, 93-95, 100-102, 110-117, 199-203 with FAC ¶¶ 1-5, 8, 13-15, 16-18, 19-27, 29-33).

This is not a coincidence. Wave alleges that GHM managed each of the four hotels at issue in the Virtuoso Case. (GHM Compl. ¶ 9). The issue in the GHM Case is whether GHM had the right to distribute the Hotel Photographs to third parties. (GHM Compl. ¶ 98). According to the GHM Complaint, the Hotel Photographs were not disseminated by Wave to

anyone other than GHM. (GHM Compl. ¶ 99). Thus, according to Wave's own allegations, Defendants could not have come into possession of the Hotel Photographs unless they were provided to Defendants, directly or indirectly, by GHM.

## II.     Analysis

In evaluating relatedness, the Court should consider "whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." *See* Rule 13(a)(1) for the Division of Business Among District Judges in the Southern District. Here, all four of these factors weigh in favor of finding that the Virtuoso Case and the GHM Case are related, which is why Judge Seeborg transferred the Virtuoso Case to this district.

First, there is no doubt that the cases concern the same property and events, as well as some of the same parties. The same copyrights at issue in the Virtuoso Case are at issue in the GHM Case, and the events surrounding the creation, licensing and/or assignment, and distribution of the Hotel Photos are inextricably linked. Moreover, although the parties are not identical, Wave is the plaintiff in both cases and it is possible that GHM may intervene in the Virtuoso Case to protect GHM's interests if these matters are kept separate.

Second, there is substantial factual overlap. The core facts related to the original agreement between Wave and GHM and the distribution of the Hotel Photos pursuant to that agreement are the same in both cases. This threshold issue must be dealt with in both cases before there can be any meaningful analysis of the claims against other defendants. That is why Judge Seibel stayed the GHM Case as to all defendants other than GHM, and that is why the Virtuoso Case should be transferred to Judge Seibel and consolidated with the GHM Case. *See also* Transfer Order, ECF No. 43, at p. 7, lines 14-17 ("Even if GHM played no role in defendants' acquisition of the hotel photographs, at least some evidence relevant to the New York case is necessarily of import in this action as well—the copyright status of the photographs, and the chain of the photographs' dissemination among the myriad New York defendants, are just some examples.").

Third, the parties clearly could be subjected to conflicting orders if the cases are not deemed related. In fact, Judge Seeborg cited "[t]he risk of inconsistent judgments" as one of the bases for transferring the Virtuoso Case to this district. *See* ECF No. 43, at p. 7, line 24. There are numerous possibilities for inconsistent judgments on key issues that would impact both cases including, but not limited to, whether Wave has valid copyrights in the subject images, whether some or all of those rights were assigned to GHM, whether some or all of those rights were licensed to GHM, and whether GHM exceeded the scope of any such license.

Finally, absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, and undue burden on the Court, parties and witnesses. If these matters are not deemed related and consolidated before Judge Seibel, the fundamental issues will be litigated twice. By putting the cases together, the Court can avoid the expense, delay, and burden

of having the same witnesses deposed twice, the same documents produced twice, and the same arguments heard and ruled upon twice. Judge Seeborg transferred the Virtuoso Case to this Court "to mitigate duplicative discovery and conserve judicial efforts." ECF No. 43, p. 8, line 5. This objective will not be achieved unless the cases are deemed related.

### III.     Conclusion

As Judge Seeborg said in his transfer order, there is no reason for Wave to maintain a separate action against Defendants "when it has litigation pending against 59 other entities in New York—aside from circumventing the stay imposed in the pending New York case." ECF No. 43, p. 9, lines 9-10. For the foregoing reasons, the Virtuoso Case should be deemed related to the GHM Case and transferred to Judge Seibel.[1]

---

[1] The Virtuoso Case and the GHM Case also should be consolidated before Judge Seibel pursuant to Federal Rule of Civil Procedure 42(a)(2). Because consolidation is in the discretion of the trial court judge, however, Defendants will wait to formally request consolidation until this matter has been transferred to Judge Seibel.

3

# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>MASTERCARD INTERNATIONAL, INC., et al.,<br><br>   Defendants. | Case No. 14-cv-01342-RS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR TRANSFER** |

## I. INTRODUCTION

In this copyright infringement action, plaintiff The Wave Studio, LLC, sues defendants MasterCard International, Inc. and Virtuoso, Ltd. for unauthorized use of its copyrighted photographs of several hotel properties on their commercial websites. Defendants move to transfer the matter to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to stay the matter pending resolution of a dispute between Wave and General Hotel Management, Limited ("GHM") in that district. The defendants contend that the interests of justice demand transfer because New York maintains far more significant ties to this dispute than does California. Moreover, defendants argue that this action is related to a pending copyright infringement action brought by Wave against 59 defendants in New York. Wave, by contrast, claims these cases are completely separate matters.

The pleadings make clear that a connection exists between Wave's copyright infringement claims against the 59 defendants sued in New York and its suit against defendants in this district.

This fact, incorporated with the factors at play under Section 1404(a), warrant the grant of the motion for transfer to the Southern District of New York. Defendants' alternative motion to stay is denied, and all other pending motions are therefore moot.

## II. BACKGROUND

For purposes of this motion, the facts are drawn from the First Amended Complaint ("FAC") filed by The Wave Studio, LLC ("Wave"). Wave is a limited liability company incorporated in New York with its principal place of business in New York. It is operated by photographer Junior Lee, a Malaysian citizen domiciled in Singapore. Ms. Lee creates and sells marketing materials for businesses worldwide using her original works, but allegedly retains ownership of all rights, title and interest in and to all artistic works used in those materials via copyright registrations issued to Wave and related business entities. Defendant MasterCard International, Inc. is incorporated in Delaware and operates its principal place of business in New York. Defendant Virtuoso, Ltd. is a Delaware corporation with its principal place of business in Texas. According to the FAC, both MasterCard and Virtuoso regularly transact and solicit business in this district via their respective corporate websites.

Wave's copyright infringement suit against the defendants concerns photographs allegedly taken by Ms. Lee of The Setai Miami, The Chedi Muscat, The Nam Hai Hoi An and The Detai Langkawi hotels, over which she allegedly retains copyright. Wave avers that both MasterCard and Virtuoso willfully "reproduced, displayed, and/or distributed" these copyrighted works for purposes of trade—specifically, to promote and advertise bookings at the photographed hotels via their websites—without Wave's authorization or consent, and that Virtuoso furthermore distributed copies of the photographs to its "partners, affiliates, clients, and other third parties . . . for use on their own websites."[1]

---

[1] Wave moved on September 19, 2014, for leave to amend its complaint further in order to add Visa as an additional defendant. (ECF No. 31.) In opposing transfer, Wave emphasizes that Visa's principal place of business is in Foster City, California, located in this district, and that its allegations against Visa concern copyright infringement of photographs not at issue in this case or in the New York case. As the present motion comes before this Court prior to Wave's motion for leave to amend, however, the addition of Visa as a defendant is not appropriate for consideration

**ORDER GRANTING DEFENDANTS' MOTION FOR TRANSFER**
CASE NO. 14-cv-01342-RS
2

On December 31, 2013, Wave filed a complaint in the Southern District of New York asserting copyright infringement claims against GHM and 58 other defendants ("the New York defendants"). The FAC's averments, as defendants point out, put in question each of the copyright registrations at issue in this case. While there is no overlap among defendants named in the present action and the New York defendants, at least 11 of the images Wave attached to the FAC are also attached to its New York complaint.[2]

Wave's New York complaint alleges that GHM managed each of the four hotels at issue in this case, and that Wave disseminated its photographs of these hotels solely to GHM. A threshold issue in the New York case is therefore whether Wave in fact holds copyright over the hotel photographs, and if so, whether GHM received the right to distribute the images to any third parties. Having filed its initial complaint on March 24, 2014 in this Court, on July 11, 2014, roughly one week after the Court in the Southern District of New York stayed its action against all defendants save GHM, Wave filed the FAC in this action, naming MasterCard and Virtuoso. Wave argues that defendants have not met their burden to show that the New York litigation bears upon the issues in this case, or that the interests of justice otherwise demand transfer. In particular, Wave emphasizes that defendants have demonstrated no links to GHM such that answers to the threshold questions in the New York case might illuminate how MasterCard and Virtuoso obtained the disputed photographs. Moreover, Wave points to the absence of overlap between defendants in the two cases, and that over a third of the photographs at issue here are not involved in the New York action.

---

here. Indeed, defendants raise substantial concerns as to whether Visa could properly be joined as a defendant in this action. Even if the Court were to consider Visa a party at this juncture, this would not meaningfully alter the Court's analysis or ruling. It is not disputed that venue would be proper over Visa in either district, and Wave itself states that Visa's documents "could be in various jurisdictions," not exclusively this district. (Opposition, p. 5.)

[2] Given the significance of the New York litigation to this contested motion for transfer, defendants' request for judicial notice (ECF No. 28) of the complaint and docket in the New York case, and the table of median time intervals from filing to trial for civil cases, is granted pursuant to Federal Rule of Evidence 201.

**ORDER GRANTING DEFENDANTS' MOTION FOR TRANSFER**
CASE NO. 14-cv-01342-RS
3

### III. LEGAL STANDARD

Neither party disputes that venue in both districts is proper pursuant to the statute pertaining to venue in copyright actions, 28 U.S.C. § 1400(a), or the general venue statute, 28 U.S.C. § 1391(b). Rather, defendants request transfer to the Southern District of New York upon application of the Section 1404(a) factors.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of the section is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). The district court has broad discretion when weighing a motion for transfer, and must always make an individualized determination. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).

This Court must weigh both public factors which speak to the interests of justice, and private factors, which bear on the relative convenience of each forum to the parties and witnesses. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). To support their motion for transfer, the defendants must demonstrate: (1) that the venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

If venue is proper in both districts, a district court evaluates several further (private and public) factors: (1) plaintiff's choice of forum; (2) convenience to the parties; (3) convenience to witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). The burden of demonstrating that transfer is appropriate

**ORDER GRANTING DEFENDANTS' MOTION FOR TRANSFER**
CASE NO. 14-cv-01342-RS

4

rests on the moving party. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir.1979). As neither party disputes that venue would be proper both here and in the Southern District of New York, the outcome of this motion hinges on defendants' showing that these further factors weigh in favor of transfer.

### IV. DISCUSSION

#### A. Plaintiff's Choice of Forum

Ordinarily, a plaintiff's choice of forum is afforded considerable deference. *Decker Coal Co v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986); *cf. Amazon.com v. Cedant Corp.,* 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005) ("Because § 1404 application results in transfer, not dismissal as in *forum non conveniens,* a lesser showing of inconvenience is required to upset plaintiff's choice."); *Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir. 1985) ("[U]nless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed.").

Such deference is "substantially reduced," however, "when plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Inherent.com v. Martindale–Hubbell,* 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006); *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987) (noting that plaintiff's forum choice receives "minimal consideration" where "operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter"). Wave's principal place of business is in New York, and Ms. Lee is domiciled in Singapore. Wave has not alleged any contract execution or contacts that might link this litigation to California beyond its vague and unsupported assertion in the FAC that "a substantial part of the events giving rise to the claim occurred in this judicial district." Indeed, none of the disputed photos were taken in California, and as the copyright claims relate to use of the disputed photos on defendants' commercial websites, this district lacks any significant nexus to the activities alleged to give rise to Wave's suit.

Ms. Lee states that while she is not a California resident, it is more convenient for her to travel here than to New York. (Lee Decl., ¶ 4.) While this is of questionable accuracy in this age

**ORDER GRANTING DEFENDANTS' MOTION FOR TRANSFER**
CASE NO. 14-cv-01342-RS

of nonstop international air travel, defendants additionally point out that maintaining litigation in both New York and California would be indisputably more burdensome to Ms. Lee than simply traveling to New York to participate in both cases (or a single consolidated case). Wave's choice to file in this district thus is entitled to little if any deference.

B. Convenience to the Parties

Wave argues that litigating this case in California will be more convenient and less expensive. Yet, New York is Wave's home forum, and its chosen location for a strikingly similar case against 59 other defendants. MasterCard likewise finds its principal place of business in New York and maintains offices five miles from the courthouse where the New York case is pending. Transferring this case to New York would obviate the need for both of these parties to travel to this district—and significantly limit their travel overall, given their New York ties. Further, as Virtuoso is Texas-based, transfer would simply necessitate that it travel east rather than west, imposing no greater burden. Thus the facts point to New York as the more convenient forum, for both Wave and the defendants.

C. Convenience to Potential Witnesses

As the moving party, defendants "must identify witnesses, state their location, and describe their testimony and its relevance" in order to prevail on this factor. *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 815-16 (N.D. Cal. 2008). While defendants fail to do so with any specificity, their contention that New York would, on balance, be a more convenient forum for potential witnesses—especially in light of Wave's pending case against the New York defendants— is persuasive. Wave does not mention a single witness located in California. Wave's former employees all reside in Singapore or Thailand. The location of former employees of Virtuoso, a Texas company, and of MasterCard, are unknown on this record. To the extent, however, that Wave's contractual dispute with GHM or dealings with the numerous other New York defendants bear upon this matter, witnesses to those disputes are far more likely to be found in New York. Thus while the Southern District of New York may not have all potential non-party witnesses within its subpoena power, it is certainly more likely to have jurisdiction over—and to

**ORDER GRANTING DEFENDANTS' MOTION FOR TRANSFER**
CASE NO. 14-cv-01342-RS

6

be more convenient for—key witnesses than would be this Court.

D. Ease of Access to Evidence

California is home to no parties or particularly significant transactions in this case. Wave has not pled the contrary, merely alleging that sources of proof in this action "are scatted [sic] throughout the United States and Southeast Asia." (Opposition, p. 4.) Yet MasterCard and Wave both maintain their hub offices in the Southern District of New York. That district is, therefore, likely home to a more substantial portion of any physical documents that may become relevant than any other forum. Indeed, while technological capabilities for document storage and retrieval render minimal the burden of transporting documents between districts, this district has recognized that "the bulk of the relevant evidence usually comes from the accused infringer in a copyright infringement case." *Brackett*, 619 F. Supp. 2d at 819. While Virtuoso's domicile in Texas favors neither forum, MasterCard's presence in New York alone favors the Southern District of New York over this district. This does not even take into account the New York case, in which Wave and GHM have already begun discovery. Even if GHM played no role in defendants' acquisition of the hotel photographs, at least some evidence relevant to the New York case is necessarily of import in this action as well—the copyright status of the photographs, and the chain of the photographs' dissemination among the myriad New York defendants, are just some examples. The Southern District of New York is thus the preferred forum with respect to ease of access to evidence.

E. Familiarity of Each Forum with the Applicable Law

The balance of this consideration weighs in equipoise because federal copyright law, in which both districts are well versed, governs this dispute.

F. Feasibility of Consolidation with Other Claims

The risk of inconsistent judgments and the potential for the Southern District of New York to consolidate this action with the litigation pending before it weigh in favor of transfer. As mentioned, the New York case and the present action raise several common questions. While Wave maintains that GHM played no role in defendants' acquisition of the disputed photographs,

**ORDER GRANTING DEFENDANTS' MOTION FOR TRANSFER**
CASE NO. 14-cv-01342-RS

7

1  it is quite possible that MasterCard and/or Virtuoso obtained the images from other New York
2  defendants—and even perhaps are responsible for disseminating them to one or more of the New
3  York defendants. In addition, the New York case is considerably farther along than the present
4  case, having already involved discovery and a settlement conference before a magistrate judge. At
5  the very least, transfer will mitigate duplicative discovery and conserve judicial efforts, factors
6  other district courts have emphasized in granting motions to transfer copyright infringement cases.
7  *See, e.g., Nelsen Communications, Inc. v. Commtron Corp.*, 1987 WL 17172, *1 (N.D. Ill. Sept.
8  11, 1987) ("The pendency of a related action is important because the cost and risk of duplicative
9  litigation of the common issues is high, and the means for eliminating the risk—transfer of a
10 case—is relatively costless, assuming no other special factors are present."); *In re "The Exorcist"
11 Copyright Infringement Litigation*, 411 F. Supp. 793, 794 (J.P.M.L. 1976) (granting transfer to
12 district where pending action was "considerably more advanced than the others" to "prevent
13 duplication of discovery, eliminate the possibility of inconsistent pretrial rulings, and conserve
14 judicial effort").

   G. Local Interest in the Controversy

16 As discussed above, Wave has not alleged any particular links between this forum and the
17 alleged acts of copyright infringement giving rise to this action. No parties reside in California,
18 and no known contacts or transactions give rise to any California interests in this litigation.
19 Indeed, Wave contends that the unauthorized use of Ms. Lee's photography occurred over
20 defendants' commercial websites. The location of viewers of the photos via those sites has no
21 bearing on the issues at the heart of this dispute: whether Wave has a valid copyright over the
22 photos and whether the defendants violated such copyright. New York, by contrast, home to
23 Wave and MasterCard—as well as Wave's pending case against 59 other defendants—has a
24 comparatively greater interest in hearing and resolving this action.

   H. Relative Court Congestion and Time of Trial in Each Forum

26 Apparently, cases reach trial on average approximately 1.5 months sooner in this district
27 than in the Southern District of New York. Yet the New York case has been in progress for

**ORDER GRANTING DEFENDANTS' MOTION FOR TRANSFER**
CASE NO. 14-cv-01342-RS

8

several months, and is significantly farther along. Further, the risk of inconsistent judgments and inefficiency implicated by keeping this action before this Court would undermine the spirit animating this factor—to promote judicial economy and effective dispute resolution.

## V. CONCLUSION

Transfer of this action to the Southern District of New York serves the interests of convenience, justice, and judicial economy, as considered through the multifactor analysis above. Wave garners little benefit from maintaining this action against MasterCard and Virtuoso in California when it has litigation pending against 59 other entities in New York—aside from circumventing the stay imposed in the pending New York case. The Clerk of Court is, accordingly, directed to transfer this action to the Southern District of New York, to terminate pending motions, and to close this Court's files in this matter.

**IT IS SO ORDERED.**

Dated: 10/10/14

*[signature]*

RICHARD SEEBORG
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR TRANSFER
CASE NO. 14-cv-01342-RS
9