UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>MASTERCARD INTERNATIONAL, INC., a Delaware corporation; VIRTUOSO, LTD., a Delaware corporation; and DOES 1-100,<br><br>    Defendants. | 14 Civ. 8322 (CS) (PED) |

**MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE**

i

# **TABLE OF CONTENTS**

Page

I. Introduction ............................................................................................................... 1

II. Governing Standard ................................................................................................... 1

III. Factual and Procedural Background .......................................................................... 2

    A. Similarities between Virtuoso Case and GHM Case ........................................ 2

    B. Attempts to reach stipulation ............................................................................. 4

    C. Factual background ........................................................................................... 4

    D. Conflict of interest ............................................................................................. 8

IV. Analysis ..................................................................................................................... 8

    A. The two cases involve common questions of law and fact ............................... 9

    B. Substantially the same witnesses will testify in the two cases ........................ 10

    C. The jury is unlikely to be confused ................................................................. 11

    D. There will be an appreciable saving of time and cost .................................... 11

    E. It will be more convenient for the Court to consolidate these cases .............. 12

V. Conclusion ............................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*De Figueiredo v Trans World Airlines, Inc.*,
   55 F.R.D. 44 (S.D.N.Y. 1971) ..................................................................................2

*Feldman v. Hanley*,
   49 F.R.D. 48 (S.D.N.Y. 1969) ...............................................................................1, 2

*Tucker v. Arthur Andersen & Co.*,
   73 F.R.D. 316 (S.D.N.Y. 1976) ................................................................................2

**Rules**

Fed. R. Civ. P. 42 ..........................................................................................................1

**I.     Introduction**

Pursuant to Federal Rule of Civil Procedure 42(a)(2), defendants MasterCard International, Inc. ("MasterCard") and Virtuoso, Ltd. ("Virtuoso") (collectively, "Defendants") respectfully request that the Court consolidate this case (the "Virtuoso Case") with *The Wave Studio, LLC v. General Hotel Management, Inc.*, Case No. 7:13-cv-09239-CS (the "GHM Case").  As Judge Richard Seeborg held in transferring the Virtuoso Case to this Court from the Northern District of California, the cases are "strikingly similar" and "[t]he pleadings make clear that a connection exists between [plaintiff The Wave Studio, LLC's] copyright infringement claims against the 59 defendants sued in New York and its suit against defendants." (ECF No. 43, at p. 6, line 7; p. 1, lines 27-28) (the "Transfer Order").

Per the Court's Order of November 25, 2014, counsel for Defendants conferred with counsel for plaintiff The Wave Studio, LLC ("Wave") regarding consolidation and provided Wave's counsel with documents demonstrating the basis for consolidation, but Wave was not willing to stipulate to consolidation.  (*See* Declaration of Bryan K. Clark ("Clark Decl."), ¶¶ 2-3).

**II.    Governing Standard**

Consolidation is governed by Federal Rule of Civil Procedure 42, which states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  The Court has broad discretion under Rule 42.  *Feldman v. Hanley*, 49 F.R.D. 48, 49 (S.D.N.Y. 1969).  In determining whether to consolidate cases, the Court

1

should consider (1) whether the jury is likely to be confused in the consolidated action, (2) whether there is likely to be an appreciable saving of time or expense, and (3) whether the Court would be inconvenienced by consolidation. *See Tucker v. Arthur Andersen & Co.*, 73 F.R.D. 316, 317 (S.D.N.Y. 1976). Courts have held that consolidation is particularly appropriate where substantially the same witnesses will testify in two cases arising from the same operative facts. *See De Figueiredo v Trans World Airlines, Inc*. 55 F.R.D. 44, 46 (S.D.N.Y. 1971); *see also Feldman*, 49 F.R.D. at 49 (granting consolidation where gravamen of all three complaints and principal issues of law and fact in each were identical and where all three complaints sought similar relief of award of damages and attorneys' fees).

### III.     Factual and Procedural Background

#### A.     Similarities between Virtuoso Case and GHM Case

In the Virtuoso Case, Wave has asserted claims of copyright infringement against Defendants related to use of certain photos of hotel and resort properties. (First Amended Complaint ("FAC") ¶ 1) (ECF No. 10). Specifically, Wave alleges that Defendants have used photos of The Setai Miami, The Chedi Muscat, The Nam Hai, and The Datai Langkawi (the "Hotel Photographs") without permission. (FAC ¶ 13). Wave claims that MasterCard has infringed copyright registrations VA 1-432-326, VA 1-432-328, and VA 1-432-331 and that Virtuoso has infringed copyright registrations VA 1-432-325, VA 1-432-328, VA 1-432-331, and VA 1-432-332. (FAC ¶¶ 27-28). To establish which photographs are allegedly at issue, Wave attaches alleged screen captures from the MasterCard and Virtuoso Web sites. (FAC, at Exhs. 2-3).

This case is inextricably intertwined with the GHM Case. In that action, Wave has asserted copyright infringement claims against General Hotel Management, Inc. ("GHM") and 58 other defendants. (*See generally* GHM Complaint ("GHM Compl.") (ECF No. 1)). Wave's allegations in that case include claims related to the Hotel Photographs at issue in the Virtuoso Case. (GHM Compl. ¶ 93). Each of the copyright registrations put at issue in this case is the subject of an infringement claim in the GHM Case (GHM Compl. ¶¶ 117-198), and at least 11 of the images attached to the First Amended Complaint in the Virtuoso Case also are attached to the Complaint in the GHM Case. (*See generally* GHM Compl. Exh. 1-84). The allegations in the GHM Complaint are nearly identical to those in the FAC. (*Compare* GHM Compl. ¶¶ 1-5, 8, 93-95, 100-102, 110-117, 199-203 with FAC ¶¶ 1-5, 8, 13-15, 16-18, 19-27, 29-33). In fact, it appears that the original complaint in California was copied from the New York complaint — the jurisdictional allegations against MasterCard stated: "Upon information and belief, Defendant MasterCard International, Inc. regularly transacts or solicits business *in the State of New York* through, inter alia a website resolving to www.mastercard.com." (ECF No. 1, ¶ 9) (emphasis added).

These similarities are not a coincidence. Wave alleges that GHM managed each of the four hotels at issue in the Virtuoso Case. (GHM Compl. ¶ 9). The issue in the GHM Case is whether GHM had the right to distribute the Hotel Photographs to third parties. (GHM Compl. ¶ 98). According to the GHM Complaint, the Hotel Photographs were not disseminated by Wave to anyone other than GHM. (GHM Compl. ¶ 99).

3

### B. Attempts to reach a stipulation

In opposing transfer, relatedness and consolidation, Wave has maintained that it is "[m]uch more likely" that Virtuoso and MasterCard downloaded the Hotel Photographs from "third party sources on the Internet." (Declaration of Junior Lee ("Lee Decl."), ECF No. 34-1, ¶ 8). As Defendants have repeatedly told Wave, this did not occur — the photos were provided to Virtuoso by GHM or indirectly by hotels managed by GHM. (*See* Declaration of Robert Duncan ("Duncan Decl."), ¶¶ 3, 7). For example, on December 4, 2014, Defendants' counsel sent an email to Wave's counsel, explaining how the photos were obtained and used. (Clark Decl. Exh. 1). The email explained that to the extent the photos appeared on MasterCard's Web site, they were provided to MasterCard by Virtuoso. *Id.* The email also provided specific examples of how Virtuoso obtained four of the Hotel Photographs from GHM directly and/or indirectly via the hotels GHM managed. *Id.* Despite this evidence, Wave was unwilling to stipulate to consolidation. (Clark Decl. Exh. 2).

### C. Factual background

According to the GHM Complaint, the Hotel Photographs were not disseminated by Wave to anyone other than GHM. (GHM Compl. ¶ 99). Virtuoso receives photographs in two ways: either the photos are emailed or otherwise sent directly to a Virtuoso representative by a hotel representative or a hotel representative uploads the photos directly to an online portal that makes the photos available on Virtuoso's Web site. (Duncan Decl. ¶ 4). Under no circumstances does Virtuoso engage in the unauthorized download of photographs from the Internet for use in hard copy or digital publications. (Duncan Decl. ¶ 3).

4

All of the photos attached to the First Amended Complaint were provided to Virtuoso by GHM, either directly or indirectly through representatives at hotels managed by GHM. (Duncan Decl. ¶ 7). To the extent the photos appeared on MasterCard's Web site during the period of the contractual agreement between MasterCard and Virtuoso, they were provided to MasterCard by Virtuoso. (Duncan Decl. ¶ 8). All photos used by Virtuoso in its publications are provided and approved by the supplier hotels and/or their management, and Virtuoso's contracts with the supplier hotels require the hotels to provide only photographs that they have the right to distribute. (Duncan Decl. ¶ 5). It is not uncommon for external management companies hired by the hotels to take part in this process. (Duncan Decl. ¶ 6).

Of the 19 Hotel Photographs attached to the First Amended Complaint, 15 were uploaded via the online portal and four were sent to Virtuoso employees via email. (Duncan Decl. ¶ 9). The hotels — and their management — were solely responsible for uploading content to the online portal and thus were the only source of these photographs. (Duncan Decl. ¶ 10). The remaining four photos were provided to Virtuoso as follows:[1]

- The Chedi Muscat, while managed by GHM and copying individuals from GHM, provided to Virtuoso in 2010 the image that appeared on the MasterCard Web site. The relevant email chain was initiated by Virtuoso employee Robert Duncan, who contacted Simone Broekhaar at The Chedi Muscat and copied an individual at GHM with the email address of

---

[1] All of the information at the following bullet points was provided to opposing counsel in an attempt to reach a stipulation as to consolidation. (Clark Decl. ¶ 2). But despite this clear evidence of the connections between GHM and the photos at issue in the Virtuoso Case, Wave was not willing to agree to consolidation. (Clark Decl. ¶ 3).

5

ckoh@ghmhotels.com. (Duncan Decl. ¶ 12). In response, Broekhaar attached a photo labeled "Lobby.jpg" and specifically requested that Duncan "change the image to the image attached." (Duncan Decl. ¶ 13). That photo is attached to the First Amended Complaint. (FAC, Exh. 2, ECF No. 10-4, p. 3). Broekhaar copied Sheladina Joseph of GHM on this transmission. (Duncan Decl. ¶ 14).

- The Datai Langkawi, while managed by GHM, approved in 2012 the use of the image that appeared on the MasterCard Web site. (Duncan Decl. ¶ 15). In the first relevant email string, Duncan emailed Camelia Yin of The Datai Langkawi and asked for approval of a proof for Virtuoso's Best of the Best publication. (Duncan Decl. ¶ 16). The proof was attached as "data_Proof.pdf" and contains a photo. (Duncan Decl. ¶ 17). The photo used in the proof is attached to the First Amended Complaint. (FAC, Exh. 2, ECF No. 10-4, p. 5). Copied on the email is Anthony Sebastian, general manager of The Datai Langkawi. (Duncan Decl. ¶ 18). Earlier in the email string, Duncan had contacted Sebastian and instructed him on the requirements for changes to the Best of the Best publication, including a new photo. (Duncan Decl. ¶ 19). Duncan expressly stated: "Please note that you must own your image in Best of the Best and by providing it to us you are granting permission for Virtuoso to print the image in the directory and feature it online in the digital edition." (Duncan Decl. ¶ 20). In the second relevant email, Sebastian responded and indicated that Virtuoso "may proceed with the listing." (Duncan Decl. ¶ 21).

6

- The Nam Hai, through employees of GHM, provided to Virtuoso in 2010 the image that appeared on the MasterCard Web site. In the first relevant email, Albert Lafuente used WeTransfer.com to send four photos to Duncan labeled "The Nam Hai Pool Evening Shot.jpg, The Nam Hai Arrival Area.jpg, The Bar - Entrance.jpg, and The Nam Hai Villa.jpg." (Duncan Decl. ¶ 22). On information and belief, Lafuente was employed by GHM while serving as the Director of Sales & Marketing for The Nam Hai. (Duncan Decl. ¶ 23). Although the links embedded in the email are no longer active, Lafuente's message is still visible and it indicates that these are "our preferred images of the resort." (Duncan Decl. ¶ 24). In the second relevant email, Duncan sends Lafuente a proof for Virtuoso's Best of the Best publication. (Duncan Decl. ¶ 25). The proof is attached as "namh_Proof.pdf" and includes a photo that is consistent with the description for "The Nam Hai Arrival Area.jpg." (Duncan Decl. ¶ 26). That photo is attached to the First Amended Complaint. (FAC, Exh. 2, ECF No. 10-4, p. 4). In the third relevant email, Lafuente approves the proof, telling Duncan to "please go ahead." (Duncan Decl. ¶ 27).

- GHM, on behalf of The Setai Miami, provided to Virtuoso in 2010 the image that appeared on the MasterCard Web site. (Duncan Decl. ¶ 28). The relevant email chain was initiated by Duncan, who contacted Philippe Parodi of GHM regarding a proof of Best of the Best for The Setai Miami. (Duncan Decl. ¶ 29). On September 23, 2010, Melody Wendt of GHM (copying Parodi) sent Duncan comments on the proof and also asked him

7

>to "replace the image with the one attached." (Duncan Decl. ¶ 30). Wendt attached a photo labeled "setai625.jpg." (Duncan Decl. ¶ 31). That photo is attached to the First Amended Complaint. (FAC, Exh. 2, ECF No. 10-4, p. 2).

Thus, all 19 of the photos attached to the First Amended Complaint were provided and/or approved by GHM or by a hotel that was managed by GHM.

### D. Conflict of interest

At the hearing before this Court on November 24, 2014, Wave's counsel in the GHM Case revealed — for the first time — that the only reason MasterCard was not added as a defendant in the GHM Case is because counsel's firm, Leason Ellis, represents MasterCard. *See* Transcript of Proceedings on November 24, 2014, attached as **Exhibit A**, at p. 4, lines 12-15, 25; p. 5, lines 1-12 ("[The Court]: Why did the Plaintiff bring this case in two parts?  Mr. Reuber: Your Honor, it's because I have – our firm has a conflict with MasterCard. . . . We have a conflict because we represent MasterCard in trademark matters."). This is essentially an admission that the cases are one and the same. In fact, it is defense counsel's understanding that in the near future, Leason Ellis intends to withdraw as counsel for the plaintiff.

### IV. Analysis

The Court should consolidate these two cases to address the common issues and avoid unnecessary cost, duplication of efforts, and potential conflicting results. Because the issues of law and fact are substantially similar (if not identical) in the two cases and because substantially the same witnesses will testify, it is unlikely that a jury would be confused, there would be an appreciable savings of time and expense for all parties, and

the Court would be inconvenienced by holding two virtually identical, but separate, proceedings. Accordingly, consolidation should be granted.

### A. The two cases involve common questions of law and fact.

The obvious overlap between these cases was apparent to Wave's New York counsel when the complaint in the GHM Case was filed — the only reason MasterCard was not included as a defendant in the GHM Case is that Leason Ellis represents MasterCard. *See* Exh. A at p. 4, lines 14-17. But for that conflict, MasterCard would have been a defendant in the GHM Case from its inception (and Virtuoso presumably would have been added later). Upon realizing the conflict, Wave's counsel should have withdrawn and allowed another attorney to file a complaint in New York that included ***all*** related defendants. Instead, the claims against MasterCard were inappropriately isolated and a separate complaint was filed in California, forcing Defendants to waste considerable resources in securing transfer to this district and consolidation before this Court.

There is no doubt that the cases concern the same property and events, as well as some of the same parties. The same copyrights at issue in the Virtuoso Case are at issue in the GHM Case, and the events surrounding the creation, licensing, and distribution of the Hotel Photos are inextricably linked. Moreover, although the parties are not identical, Wave is the plaintiff in both cases and GHM may intervene in the Virtuoso Case to protect GHM's interests if these matters are kept separate.

The core facts related to the agreements between Wave and GHM and the distribution of the Hotel Photos pursuant to those agreements are the same in both cases. These threshold issues must be dealt with in both cases before there can be any

meaningful analysis of the claims against other defendants. That is why the parties agreed to stay the GHM Case as to all defendants other than GHM, and that is why the Virtuoso Case should be consolidated with the GHM Case and similarly stayed. (*See* Transfer Order, at p. 7, lines 14-17) ("Even if GHM played no role in defendants' acquisition of the hotel photographs [which is not the case], at least some evidence relevant to the New York case is necessarily of import in this action as well — the copyright status of the photographs, and the chain of the photographs' dissemination among the myriad New York defendants, are just some examples.").

The legal issues in these cases are also the same. The analysis of GHM's rights to use and distribute the photos is identical in both cases and must be decided in both cases before the liability of any other defendants can be analyzed. This will be the first line of defense for most (if not all) of the defendants — if GHM had a license and operated within the scope of that license, there is no liability. Other common questions of law include whether Wave has met all the prerequisites for a copyright infringement claim, the possibility of fair use, and questions regarding the number of alleged infringements as a matter of law.

### B. Substantially the same witnesses will testify in the two cases.

The witnesses that will need to testify in the two cases will relate to the creation, registration, distribution, licensing, and use of the Hotel Photographs. Although the witnesses related to the use of the Hotel Photographs by Defendants may differ, all other witnesses will be the same. Wave has already identified four witnesses (Junior Lee, Gwee Wei Wei, Lim See Kong, and Cheong Wing Kheong) who it believes will testify in the Virtuoso Case regarding the creation, ownership, and copyright registration of the

Hotel Photographs, as well as the development of marketing materials incorporating the Hotel Photographs. (Lee Decl. ¶¶ 4-6). These same witnesses will need to testify in the GHM Case.

Moreover, even if these cases are not consolidated and even if GHM does not intervene in the Virtuoso Case, Defendants likely will call as witnesses current and former GHM employees — including, but not limited to, Sheladina Joseph, Albert Lafuente, Philippe Parodi, and Melody Wendt (Duncan Decl. ¶¶ 12-31) — because one of the defenses in the Virtuoso Case is that the Hotel Photographs were licensed to GHM and then provided to Virtuoso consistently with that license. Thus, substantially the same witnesses will testify in both cases.

### C.  The jury is unlikely to be confused.

The narrative of these two cases is not confusing: Wave has alleged that certain defendants used photographs of hotel properties without permission; the defendants contend that they had permission. If two trials were held, the same basic testimony would be given to each jury — including, most notably, the involvement of GHM as the distributor of the Hotel Photographs. Moreover, MasterCard and Virtuoso are in exactly the same position as the other 58 defendants already named in the GHM Case, so there is no reason to believe that consolidating the Virtuoso Case and the GHM Case would increase the level of confusion.

### D.  There will be an appreciable saving of time and cost.

Without consolidation, there will be a substantial duplication of effort, expense, and delay because the fundamental issues will be litigated twice. By putting the cases together, the Court can avoid having the same witnesses deposed twice, the same

documents produced twice, the legal issues of GHM's rights to the Hotel Photos litigated twice, and various other inefficiencies. Judge Seeborg transferred the Virtuoso Case to this Court in part "to mitigate duplicative discovery." (Transfer Order, p. 8, line 5). This objective will not be achieved unless the cases are consolidated.

### E. It will be more convenient for the Court to consolidate these cases.

For these same reasons, it also will be more convenient for the Court to consolidate these cases. Through consolidation, the Court can avoid the expense, delay, and burden of having the same arguments heard and ruled upon twice and conducting two separate trials. Judge Seeborg also expressed a desire to "conserve judicial efforts" (DE 43, p. 8, line 5), which will not occur if the cases are not consolidated.

### V. Conclusion

For the foregoing reasons, the Virtuoso Case should be consolidated with the GHM Case.

Dated: January 15, 2015    Respectfully submitted,

VEDDER PRICE P.C.

By: /s/ Blaine C. Kimrey

Blaine C. Kimrey (*pro hac vice*)
Bryan K. Clark (*pro hac vice*)
222 North LaSalle Street
Chicago, Illinois  60601
(312) 609-7500
bkimrey@vedderprice.com
bclark@vedderprice.com

Charles J. Nerko
1633 Broadway, 47th Floor
New York, New York  10019
(212) 407-7700
cnerko@vedderprice.com

*Attorneys for defendants MasterCard International, Inc. and Virtuoso, Ltd.*